IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LAWRENCE D. RENFROW, | § | |
| | § | |
| *PLAINTIFF*, | § | |
| | § | |
| VS. | § | NO. H-04-4470 |
| | § | |
| WAY SERVICE, LTD., | § | JURY DEMANDED |
| | § | |
| *DEFENDANT.* | § | |

## DEFENDANT'S ORIGINAL ANSWER

Way Service, Ltd. ("Defendant") answers Plaintiff's Original Complaint as follows:

### I.

In connection with Paragraph I of Plaintiff's Original Complaint, Defendant is without sufficient information to admit or deny that Renfrow is currently residing in Houston, Harris County, Texas. Defendant admits that it is doing business in Houston, Harris County, Texas and may be served with process by serving Peter N. Way at 5308 Ashbrook Drive, Houston, Texas 77081.

### II.

In connection with Paragraph II of Plaintiff's Original Complaint, Defendant admits that Venue is proper in this Court.

### III.

In connection with Paragraph III of Plaintiff's Original Complaint, Defendant admits that this Court has jurisdiction to hear claims brought pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and the Age Discrimination in Employment Act ("ADEA"). Defendant denies that it engaged in any conduct in violation of either Title VII or the ADEA. Defendant further denies that it retaliated against Renfrow in violation of Title VII.

## IV.

In connection with Paragraph IV of Plaintiff's Original Complaint, Defendant admits that Renfrow filed a Charge of Discrimination (Charge No. 330-2004-05863) with the Equal Employment Opportunity Commission ("EEOC"). Defendant admits that the EEOC dismissed Renfrow's Charge of Discrimination and issued a Notice of Rights on August 23, 2004. Defendant is without sufficient information to admit or deny the date on which Renfrow received his right to sue notice.

## V.

In connection with Paragraph V of Plaintiff's Original Complaint, Defendant admits that Renfrow is over the age of 40. Defendant admits that Renfrow is a Caucasian male. Defendant admits that it hired Renfrow as a service technician. Defendant admits that it terminated the employment of Renfrow for legitimate, non-discriminatory reasons. Defendant denies that it replaced Renfrow with an individual outside of the age protected class.

Defendant denies that Renfrow did not receive any reprimands either verbal or written concerning his job performance prior to his termination of employment. Defendant denies that Renfrow had not been disciplined prior to his termination regarding safety violations. Defendant admits that there was a union organizing campaign and Renfrow was one of the employees that supported the union. Defendant is without sufficient information to admit or deny that Renfrow organized meetings and facilitated the relationship and communications between the individuals employed by Defendant with existing members of Local 211. Defendant is without sufficient information to admit or deny that Local 211 consisted primarily of electricians, plumbers and various other persons who work in and around air conditioning. Defendant admits that prior to hiring Renfrow, Defendant's workers had not been organized into union membership or participation.

Defendant denies that Renfrow was replaced by an employee outside of his protected age group. Defendant admits that Renfrow was active in the union organizing campaign. Defendant denies that Renfrow's age or his union activities led to his termination. Defendant denies that its reason for terminating Renfrow's employment was pre-textual. Defendant denies that it violated either Title VII or the ADEA.

## VI.

In connection with Paragraph VI of Plaintiff's Original Complaint, Defendant admits that Renfrow is a male over the age of 40. Defendant admits that it terminated Renfrow's employment. Defendant denies that it replaced Renfrow with an individual under the age of 40. Defendant admits that Renfrow was qualified for the position of service technician. Defendant denies that the true reason for Renfrow's termination was his age. Defendant denies that it engaged in any unlawful conduct prohibited by the ADEA. Defendant denies that its treatment of Renfrow was in reckless disregard of his rights.

## VII.

In connection with Paragraph VII of Plaintiff's Original Complaint, Defendant admits that Renfrow was involved in the union organizing campaign. Defendant denies that Renfrow's age or his participation in the union organizing campaign excused him from complying with Defendant's safety policies and practices. Defendant denies that it retaliated against Renfrow. Defendant denies that there is any connection between Renfrow's age and his termination of employment. Defendant denies that there was any connection between Renfrow's union organizing activities and his termination of employment.

## VIII.

In connection with Paragraph VIII of Plaintiff's Original Complaint, Defendant denies that it violated Title VII or the ADEA. Defendant denies that Renfrow is entitled to any of the relief he seeks in Paragraph VIII of his Original Complaint.

## IX.

In connection with Paragraph IX of Plaintiff's Original Complaint, Defendant admits that Renfrow has made a timely demand for a jury trial.

## X.

Defendant denies that Renfrow is entitled to any relief requested in the Prayer contained in his Original Complaint.

## XI.

All allegations contained in Renfrow's Original Complaint are hereby denied unless expressly admitted.

## XII.
## AFFIRMATIVE DEFENSES

Defendant pleads the following affirmative defenses:

1. Renfrow's Original Complaint fails in whole or in part to state a claim upon which relief can be granted.

2. Defendant's decision to terminate Renfrow's employment was based on legitimate, non-discriminatory reasons.

3. Renfrow has failed in whole or in part to mitigate his alleged damages.

4. Defendant is entitled to an offset or credit against any alleged damages asserted by Renfrow, including an offset or credit for any amount Renfrow could have earned following

4

his employment with Defendant and for any amount that Renfrow received as employment compensation from the Texas Workforce Commission.

5. At all times relevant to this lawsuit, Defendant acted in good faith with regard to Renfrow and had reasonable grounds for believing its actions were not in violation of any federal law and any actions that were otherwise were contrary to Defendant's good faith efforts to comply with federal law.

6. Renfrow's claims for damages are limited due to his failure to exhaust one or more of Defendant's internal dispute resolution procedures.

7. To the extent applicable, Renfrow's alleged damages are limited by applicable statutory caps or maximums.

8. Any allegations of discrimination not contained in a timely filed Charge of Discrimination with the EEOC are barred herein.

9. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

10. Not withstanding Renfrow's allegations of discrimination, Defendant would have taken all disputed personnel actions in the same way and the actions taken with Renfrow were based on factors other than Renfrow's age or any other unlawful reason.

11. Renfrow is not entitled to punitive and/or liquidated damages since there was no willful or wanton violation of any statute or any other legal requirement attributable to Defendant.

12. Renfrow's claim for punitive and/or exemplary damages is barred by the applicable provisions of the United States Constitution.

13. Defendant invokes its rights under the United States Constitution in that any award of punitive damages would violate the due process clause of the Fifth and Fourteenth

5

Amendments in as much as: (a) punitive damages can be assessed in an amount left to the discretion of the jury and judge; (b) in assessing such penalty or exemplary award, a plaintiff needs only proof of defendant's conduct on a standard less than "beyond a reasonable doubt" as should be required in assessing a punishment award; (c) a defendant who is subject to the award does not have the right to refuse to testify against itself, but must in fact take the stand and/or give deposition testimony or subject itself to the consequences of a default judgment; (d) the assessment of such a punishment and/or exemplary award is not based upon a clearly defined statutory enactment setting forth a specific *mens rea* requirement and/or other prerequisites at a criminal find and in effect allows the assessment of such awards even though there are not specific standards, limits or other statutory requirements set forth that define the *mens rea* in scope and limit of such awards. Therefore, the awards are unduly vague and do not meet the requirements of due process; and/or (e) a defendant is subjected to all of the hazards and risks of what amounts to a fine, but a defendant does not receive the basic rights accorded to a criminal defendant when being subjected to possible criminal penalties.

14. Defendant has a widely disseminated policy against discrimination which is strictly enforced. Renfrow, despite knowledge of Defendant's policy against discrimination, failed to follow the policy, failed to make the proper reports pursuant to the policy, and did not act as would a reasonable person under the same or similar circumstances.

15. Renfrow was an employee at-will at all times while employed by Defendant.

### XIII.

Wherefore, Way Service, Ltd. respectfully prays that this Court enter judgment that: (1) this action be dismissed in its entirety and Renfrow take nothing from Way Service, Ltd.; (2) Way Service, Ltd. be awarded its costs incurred in the defense of this action, including its

reasonable attorneys' fees; and (3) Way Service, Ltd. be awarded such other and further relief as is just and proper.

Respectfully submitted,

*/s/ G. Mark Jodon*

G. Mark Jodon (Attorney-in-Charge)
State Bar No. 10669400
LITTLER MENDELSON
A PROFESSIONAL CORPORATION
1301 McKinney Street, Suite 1900
Houston, Texas 77010
713.652.4739 (Telephone)
713.951.9212 (Telecopier)

ATTORNEY FOR DEFENDANT
WAY SERVICE, LTD.

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of December 2004, a true and correct copy of the foregoing has been sent by certified mail, return receipt requested, to the following counsel of record:

Stanley B. Broussard
801 Congress, Suite 250
Houston, TX 77002

ATTORNEYS FOR PLAINTIFF
LAWRENCE D. RENFROW

*/s/ G. Mark Jodon*
G. Mark Jodon

Houston:204370.1 035945.1006