## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **LAWRENCE D. RENFROW,** | § | |
| | § | |
| *PLAINTIFF,* | § | |
| | § | |
| **VS.** | § | **NO. H-04-4470** |
| | § | |
| **WAY SERVICE, LTD.,** | § | **JURY DEMANDED** |
| | § | |
| *DEFENDANT.* | § | |

### DEFENDANT WAY SERVICE, LTD.'S
### MOTION FOR COMPLETE SUMMARY JUDGMENT

Defendant Way Service, Ltd. ("Defendant" or "Way Service") seeks a complete summary judgment on Plaintiff's age discrimination claim. In support, Way Service will show the Court as follows:

### I.
### STATEMENT OF CASE

Plaintiff Lawrence D. Renfrow ("Plaintiff" or "Renfrow") filed this lawsuit on November 23, 2004, alleging claims of discrimination and retaliation under the Age Discrimination and Employment Act ("ADEA") and claims of discrimination and retaliation under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). On December 10, 2004, Way Service filed a Motion to Dismiss regarding Plaintiff's Title VII claims and Plaintiff's retaliation claim under the ADEA. Plaintiff failed to file a reply to Way Service's Motion to Dismiss. On May 16, 2005, the Court entered an order giving Plaintiff an additional 10 days to respond to Way Service's Motion to Dismiss. Thereafter, Plaintiff still failed to file a response to Way Service's Motion to Dismiss. On June 9, 2005, the Court entered an order granting Way Service's Motion to Dismiss, thereby dismissing Plaintiff's Title VII claims and his retaliation claim under the

ADEA. On June 21, 2005, Plaintiff filed a Motion for Reconsideration of the Court's June 9, 2005 Order. The Court denied Plaintiff's Motion for Reconsideration on June 30, 2005. The only cause of action remaining in this lawsuit is Plaintiff's claim for age discrimination under the ADEA.

## II.
## RULE 36 ADMISSIONS OF FACT BY PLAINTIFF

Plaintiff made the following admissions of fact pursuant to Rule 36 of the Federal Rules of Civil Procedure:

Request No. 1: While employed by Defendant, Plaintiff was an employee at-will.

Request No. 3: Defendant hired Plaintiff as a service technician.

Request No. 4: Plaintiff received a copy of Defendant's employee handbook while employed by Defendant.

Request No. 5: At the time of his termination of his employment, Plaintiff's immediate supervisor was Rudy Zubia.

Request No. 6: Rudy Zubia held the position of Industrial Service Manager while Plaintiff was employed by Defendant.

Request No. 7: Ray Bruce, Service Manager, was the supervisor over all service technicians including Plaintiff.

Request No. 17: Prior to his employment with Defendant, Plaintiff had received training in lockout and tagout procedures relating to electrical work.

Request No. 18: Prior to his employment with Defendant, Plaintiff successfully completed the logout tagout training provided by the Houston Area Safety Council.

Request No. 19: On May 13, 2004, Defendant assigned Plaintiff to service an air conditioning unit at the Kaneka plant in Deer Park, Texas.

Request No. 20: On May 13, 2004, while servicing an air conditioning unit at the Kaneka plant in Deer Park, Texas, Plaintiff did not lockout or tagout the power source to the air conditioning unit.

Request No. 24: Prior to leaving the Kaneka job site on May 13, 2004, Plaintiff did not place any lock or tags on the power source for the air conditioning unit that Plaintiff was servicing.

- 2 -

Request No. 25:  On May 18, 2004, Ray Bruce and Rudy Zubia met with Plaintiff and terminated Plaintiff's employment at the conclusion of the meeting.

Request No. 26:  The air conditioning unit that Plaintiff was servicing at the Kaneka plant on May 13, 2004 was a 480 volt unit.

Request No. 27:  Prior to May 13, 2004, Plaintiff had extensive experience servicing air conditioning units like the one he worked on at the Kaneka plant on May 13, 2004.

Request No. 28:  In May 2003, Plaintiff successfully completed the "Basic Orientation Plus" safety training program at the Houston Area Contractors Safety Council.

Request No. 29:  In March 2004, Plaintiff had lockout/tagout training at the Houston Area Contractors Safety Council in connection with his site-specific safety training for the BP Solvay job site.

Request No. 30:  Plaintiff knew that he was required to follow Kaneka's site-specific safety policies when working at the Kaneka job site.

Request No. 31:  While employed by Defendant, Plaintiff received a copy of Defendant's Employee Safety Handbook.

Request No. 32:  While employed by Defendant, Plaintiff received a copy of the Company's Rules and Policies.

Request No. 33:  Plaintiff was over the age of 50 years when Defendant hired him.

Request No. 34:  During the time Plaintiff was employed by Defendant, there were other service technicians employed by Defendant who were over the age of 40 years of age.

Request No. 35:  Plaintiff did not have a written employment contract with Defendant.

Request No. 38:  Ray Bruce informed Plaintiff that his employment with Defendant was terminated as a result of Plaintiff committing serious safety violations.

Request No. 39:  Defendant had the right to terminate any service technician who failed to follow Defendant's safety policies and procedures.

Request No. 40:  Defendant had the right to terminate any service technician who failed to follow Defendant's lockout/tagout procedure.

Request No. 41:  Defendant had the right to terminate any service technician who failed to follow the site-specific lockout/tagout procedure in effect at any job site where the service technician was assigned to work.

Request No. 42:  Lockout/tagout procedures are designed to eliminate the risk of death or bodily injury from electrical shock.

Request No. 44:  Prior to his termination of employment with Defendant, Plaintiff did not complain to Rudy Zubia regarding age discrimination.

Request No. 45:  Prior to his termination of employment with Defendant, Plaintiff did not complain to Ray Bruce regarding age discrimination.

Request No. 51:  Defendant had a written equal employment opportunity policy while Plaintiff was employed with Defendant.

Request No. 52:  Defendant had a written policy prohibiting age discrimination while Plaintiff was employed with Defendant.

Request No. 53:  Defendant's personnel policies by Defendant were available to Plaintiff.

Request No. 58:  Since the date Plaintiff's employment with Defendant terminated, Plaintiff has not been under a doctor's care for anxiety.

Request No. 59:  Since the date Plaintiff's employment with Defendant terminated, Plaintiff has not been under a doctor's care for depression.

Request No. 60:  Since the date Plaintiff's employment with Defendant terminated, Plaintiff has not experienced any panic attacks.

Request No. 61:  Plaintiff has not been examined by any psychiatrist or psychologist in connection with the termination of his employment with Defendant.

### III.
### PLAINTIFF'S SWORN DEPOSITION TESTIMONY

In addition to the admissions of fact made by Plaintiff pursuant to Rule 36, Plaintiff provided the following sworn testimony during his deposition:

1.      On April 20, 2005, Plaintiff began working as an A/C service technician for Tolin Mechanical, with a starting rate of pay of $22.00/hour and better employee benefits than those he received at Way Service.  (Plaintiff's depo. 37:14–38:25).  Plaintiff is not currently looking for

- 4 -

other employment and he is "very happy" with his job at Tolin Mechanical. (Plaintiff's depo. 39:5-9). Plaintiff's last rate of pay at Way Service was $21.00/hr. and Plaintiff admits that he is earning more money at Tolin Mechanical than he was earning at Way Service. (Plaintiff's depo. 43:2-14).

2.      Since leaving his employment with Way Service, Plaintiff has not been treated by any doctors. Plaintiff has not been examined by any psychiatrist, psychologist or mental health counselors. In fact, he has never been examined by a psychiatrist or psychologist. (Plaintiff's depo. 61:4-13).

3.      Plaintiff is not claiming any physical, medical or emotional problems resulting from his termination at Way Service. Plaintiff testified as follows:

Q.      Are you claiming in this lawsuit that you have experienced any physical or medical problems as a result of Way Service terminating your employment?

A.      No.

Q.      Are you claiming in this lawsuit that you have experienced any emotional distress or mental anguish as a result of Way Service terminating your employment?

A.      No.

(Plaintiff's depo. 61:14-22).

4.      In connection with his employment at Way Service, Plaintiff attended safety training through the Houston Area Safety Council and specifically received training regarding lockout/tagout procedures. (Plaintiff's depo. 62:8–64:11).

5.      At the time Plaintiff underwent the lockout/tagout training at the Houston Area Safety Council, he had nearly 31 years experience as an A/C service technician and had either on-the-job training or other types of training regarding lockout/tagout. (Plaintiff's depo. 64:7-

- 5 -

16). Plaintiff admitted that the lockout/tagout training he had through the Houston Area Safety Council in May 2003 was not the first time that he had lockout/tagout training. (Plaintiff's depo. 64:17-24).

6.     Plaintiff testified that the purpose of lockout/tagout procedures "is to keep from energizing the equipment while somebody else is working on it or while you're working on it." (Plaintiff's depo. 64:25–65:4).

7.     In addition to the lockout/tagout training through the Houston Area Safety Council, Plaintiff had site-specific training on particular lockout/tagout procedures required by Way Service's customers. (Plaintiff' depo. 67:7–70:14). Plaintiff admitted that Kaneka, one of Way Service's customers, had a site-specific lockout/tagout procedure that he was required to follow when working there. (Plaintiff's depo. 68:7-13). Plaintiff further admitted, however, that he never followed the lockout/tagout procedure at Kaneka. (Plaintiff's depo. 69:14-25).

8.     Plaintiff typically serviced air-conditioning units (A/C units) up to 500 volts, with 480 volts being the common current for the industry. (Plaintiff's depo. 83:16-21). The A/C unit Plaintiff was servicing at Kaneka prior to his termination was a 480 volt unit. (Plaintiff's depo. 90:10-17). Plaintiff admitted that while he worked on the A/C unit at Kaneka, he did not place any locks or tags on the electrical disconnect (Plaintiff's depo. 92:2-12; 100:11–101:6; 105:11–106:9; 106:15–107:10; 112:1-20).

9.     During the course of his work on the Kaneka A/C unit, Plaintiff removed panels on the A/C unit that exposed the compressor and related wiring. (Plaintiff's depo. 107:5-23).

10.    Plaintiff admits that he did fail to re-install some of the panels on the A/C Unit at Kaneka prior to finishing his work for the day. (Plaintiff's depo. 113:9–114:3). Plaintiff testified that he left the power turned off but he did not lock or tag the A/C unit at Kaneka.

- 6 -

(Plaintiff's depo. 114:8-13). Plaintiff further testified that he did not get a Kaneka operator to put a lock or tag on the A/C unit. (Plaintiff's depo. 114:14-16).

11.     In connection with photographs of the Kaneka A/C unit, Plaintiff admitted that there should have been panels covering the exposed compressor area. (Plaintiff's depo. 121:19–122:8). Plaintiff testified that he knew that "the rule is, you cover up the electrical. Don't leave exposed electrical." (Plaintiff's depo. 124:16-20). Plaintiff further admitted that the panels on the A/C unit that would protect the electrical components inside the unit should have been reinstalled. (Plaintiff's depo. 125:2-5).

12.     During Plaintiff's deposition, he was questioned regarding the site-specific lockout/tagout procedure for Kaneka. In connection with the Kaneka's lockout-tagout procedure, Plaintiff admitted that no "process lock" was placed on the power disconnect; no "red master lockout tag" was placed on the power disconnect; no "production and maintenance" tag was placed on the disconnect switch; and no employee placed his or her own personal lock or tag on the disconnect switch while Plaintiff was working on the A/C unit at Kaneka. (Plaintiff's depo. 140:21–141:12). Plaintiff testified that when he left the Kaneka site there was not a Kaneka lock or tag on the power disconnect switch. (Plaintiff's depo. 142:20-22). Plaintiff admitted during his deposition that he "technically" violated Kaneka's lockout-tagout procedure if he was required to put a lock on the disconnect switch pursuant to its policy. (Plaintiff's depo. 143:7-18).

13.     Plaintiff admitted that prior to his termination he did not file any internal complaints with Way Service regarding age discrimination. (Plaintiff's depo. 147:22–148:7).

14.     Plaintiff testified that Way Service terminated his employment on May 18, 2004. (Plaintiff's depo. 148:12-14). Plaintiff testified that Ray Bruce notified him of his termination

and stated that he was being terminated for violation of lockout/tagout procedures. (Plaintiff's depo. 149:15–150:6).

15.     Plaintiff admits that he was over the age of 40 when Way Service hired him. In fact, he was 50 years old at the time of his hire and he was only 51 at the time of his termination. (Plaintiff's depo. 152:4-12).

16.     Plaintiff testified that during the termination meeting he does not remember any discussion regarding his age. Plaintiff admitted that prior to his termination, no manager made any derogatory comments about his age and no manager made any derogatory jokes about his age. Plaintiff also testified that prior to his termination, no manager made any reference to his age. (Plaintiff's depo. 153:1-12).

17.     Plaintiff admitted that while he was employed by Way Service, the company employed other service technicians who were over the age of 40. Plaintiff identified the following service technicians who were employed with him at Way Service who were over the age of 40: Mike Yarborough, Roger Knight, Mark Ardies, Scott Brown, Steve Jackson and Mike Stasco. (Plaintiff's depo. 153:18–155:20).

18.     With respect to Plaintiff's age discrimination claim, Plaintiff testified as follows:

Q.     Are you claiming in this lawsuit that any manager or supervisor made any age-related comment to you?

A.     No.

Q.     You understand that you have sued Way Service alleging age discrimination?

A.     Yes, I do.

Q.     What is the factual basis for your age discrimination claim against Way Service?

A.     The termination and the fact that I was over 40.  And the termination, I felt, was in retaliation.

Q.     For your union activities?

A.     For whatever.

Q.     No.  What was your personal belief?  Retaliation for what?

A.     I feel union activities had quite a role to play in it.

Q.     Any other personal opinions as to why you were terminated?

A.     Well, I was old.

Q.     So the mere fact that your employment was terminated and you were over the age of 40, that's the sole basis of your age discrimination claim in this case?

A.     Yes.

(Plaintiff's depo. 156:16–157:16).  Plaintiff was then asked if there was "any other factual basis to support your age discrimination claim" and Plaintiff responded "not at this time."  (Plaintiff's depo. 158:3-5).

19.     Plaintiff testified that a company has the right to terminate an employee for violating its lockout/tagout policy and Plaintiff further agreed that a company could terminate an employee for failing to follow one of its customer's safety policies.  (Plaintiff's depo. 170:5-12).

## IV.
## SUMMARY JUDGMENT EVIDENCE

Way Service relies upon the pleadings on file with the court and incorporates by reference and relies upon the following summary judgment evidence attached hereto in support of its Motion for Complete Summary Judgment:

- Exhibit A: Excerpts from Plaintiff's Responses to Defendant's First Request for Admissions;

- Exhibit B: Excerpts from Plaintiff's deposition;

- Exhibit C: Sworn Statement of Ray Bruce;

- Exhibit D: Sworn Statement of Rudy Zubia;

- Exhibit E: Sworn Statement of Roger Knight; and

- Exhibit F: Sworn Statement of G. Mark Jodon.

## V.
## SUMMARY JUDGMENT STANDARD

In order to prevail on its Motion for Complete Summary Judgment, Way Service must demonstrate from the evidence of record that there exists "no genuine issue as to any material fact." FED. R. CIV. P. 56. Even if an alleged factual dispute is asserted, the alleged dispute will not defeat the motion unless it is both genuine and material. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Once the movant of the motion for summary judgment meets its burden of showing the absence of a factual dispute, the burden shifts to the non-movant to demonstrate by substantial evidence that there is an "outcome determinative" issue of fact in dispute. *See Hanchey v. Energas Co.*, 925 F.2d 96, 97 (5th Cir. 1990) (citing *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195-96 (5th Cir. 1986)).

The party opposing a motion for summary judgment may not rest on the allegations in his complaint but must "set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). Where a party such as Renfrow bears the burden of proof at trial, he must, after an adequate opportunity for discovery and upon motion, "make a showing sufficient to establish the existence of each essential element to [his] case." *Celotex Corp. v. Catrett*, 477 U.S. 317,

322 (1986). Where a non-moving party fails to establish each essential element of his case, the motion for summary judgment must be granted because no genuine issue for trial can exist.

Renfrow must present more than a scintilla of evidence to defeat this motion for summary judgment. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). He must do more than "simply show that there is some metaphysical doubt as to material facts." *Id*. Renfrow must present evidence upon which a jury could reasonably base a verdict in his favor. *See Anderson*, 477 U.S. at 249. Unsubstantiated opinions and speculation will not suffice. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992) ("[C]onclusory allegations are . . . insufficient to defeat . . . a motion for summary judgment."). Renfrow's age discrimination claim should be dismissed as a matter of law because he cannot present sufficient evidence to create a genuine issue of material fact with respect to this claim.

## VI.
## ARGUMENT & AUTHORITIES

Renfrow claims that Way Service improperly terminated his employment because of his age in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623(a)(1). Renfrow's entire age claim is based solely on the fact that he was 51 years of age at the time Way Service terminated his employment.

### A.   Way Service Is Entitled To Summary Judgment Because Renfrow Failed To Take Advantage Of Preventive Or Corrective Opportunities Provided.

In *Ellerth v. Burlington Industries, Inc.*, 524 U.S. 742, 118 S.Ct. 2257, 2270, 141 L.Ed.2d 633 (1998) and *Faragher v. City of Boca Raton*, 524 U.S. 775, 118 S.Ct. 2275, 2292-93, 141 L.Ed.2d 662 (1998), the United States Supreme Court recognized an affirmative defense to liability or damages where (a) the employer exercised reasonable care to prevent and correct any harassing behavior by the supervisory employee and (b) the plaintiff employee unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer

- 11 -

or to avoid harm otherwise.  The public policy considerations surrounding the *Ellerth* and *Faragher* affirmative defense should apply or be extended to this case.  Just as the Court in *Ellerth* and *Faragher* determined that it was unjust to hold an employer liable for a supervisory employees' actions when the employer had exercised reasonable care to prevent and correct any discriminatory behavior and the plaintiff-employee had failed to avail himself of those protections, this Court should find it unjust to hold Way Service liable where it published and provided its employees, including Renfrow, with policies prohibiting discrimination and outlining procedures for employees to correct such actions, yet Renfrow failed to take advantage of those procedures.

To allow Plaintiff to recover damages for acts allegedly constituting age discrimination when he failed to put Way Service on notice of those acts would defeat the purpose and reason behind an employer's implementation of such policies.  Public policy favors an employer's published prohibitions against discrimination in the workplace, as does an employer's published procedure for redressing acts of alleged employment discrimination.  If, however, the employee fails to utilize those procedures for redressing acts of alleged employment discrimination, as Plaintiff did, the purpose behind the prohibitions and procedures for redress—providing the employer with notice of the discrimination—is frustrated.

In this case, Plaintiff had multiple avenues to complain about age discrimination in the workplace.  Way Service had an "Open Door Communications" policy in place that Plaintiff could have used to complain about alleged age discrimination, as well as a "Complaint Procedure."  *See* Zubia Statement, Exhibit D, at ¶ 11.

- 12 -

Plaintiff completely disregarded all policies and procedures that Way Service had in place during his employment to address employee concerns of discrimination in the workplace.[1] Plaintiff failed to avail himself of the very administrative procedures that could have possibly avoided this lawsuit. Plaintiff's conduct frustrates public policy favoring internal resolution of discrimination complaints between employees and employers. Consequently, this Court should dismiss Plaintiff's age discrimination claim as a matter of law as a result of Plaintiff's failure to avail himself of the administrative procedures that were available to him at Way Service. For this independent reason, Way Service prays that the Court will grant its Motion for Complete Summary Judgment and dismiss Plaintiff's age discrimination claim.

## B. Alternatively, Way Service Is Entitled To Summary Judgment On The Merits Of Plaintiff's Age Discrimination Claim.

### 1. Standard for Proving Age Discrimination

To state an actionable claim for age discrimination under the ADEA, Renfrow must prove the existence of intentional age discrimination. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 120 S.Ct. 2097, 2106 (2000); *Price v. Marathon Cheese Corp.*, 119 F.3d 330, 336 (5th Cir. 1997). A plaintiff may prove intentional discrimination by presenting either direct or circumstantial evidence of age discrimination. *See Sanstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 896 (5th Cir. 2002) (affirming summary judgment in favor of employer in ADEA case).

Where a plaintiff relies on circumstantial evidence to prove an ADEA claim, the Fifth Circuit follows the modified *McDonnell Douglas* approach articulated in *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305 (5th Cir. 2004). Under the modified *McDonnell Douglas* approach, in order to prevail on his age discrimination claim, Renfrow must establish:

---

[1] *See* Requests for Admissions 32, 44, 45 and 53 in Section II above, and Plaintiff's deposition testimony in Section III, paragraph 13, above.

- 13 -

A prima facie case of discrimination; the defendant then must articulate a legitimate, non-discriminatory reason for its decision to terminate the plaintiff; and if the defendant meets its burden of production, the plaintiff must then offer sufficient evidence to create a genuine issue of material fact either (1) that the defendant's reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another motivating factor is the plaintiff's protected characteristic (mixed-motives alternative).... If the plaintiff demonstrates that age was a motivating factor in the employment decision, it then falls to the defendant to prove that the same adverse employment decision would have been made regardless of discriminatory animus.

*Rachid*, 376 F.3d at 312. Under the modified *McDonnell Douglas* approach, applicable to the present case, Renfrow cannot survive summary judgment.

### 2.    Renfrow Cannot Establish a *Prima Facie* Case of Discrimination

In order to prevail on his age discrimination claim, Renfrow must establish, by a preponderance of the evidence, a *prima facie* case of discrimination under the ADEA. *See Evans v. City of Houston*, 246 F.3d 344, 348 (5th Cir. 2001). In the traditional age discrimination case, a plaintiff establishes a *prima facie* case by demonstrating the following: (1) he was discharged; (2) he was qualified for the position; (3) he was within the protected class at the time of his discharge; and (4) he was either (i) replaced by someone outside the protected class, (ii) replaced by someone younger, or (iii) otherwise discharged because of his age. *See Palasota v. Haggar Clothing Co.*, 342 F.3d 569, 575-76 (5th Cir. 2003).[2]

In this case, Way Service hired Gary Ellis ("Ellis") as a service technician to replace Plaintiff. *See* Zubia Statement, Exhibit D, ¶ 6. Ellis was 58 years old when Way Service hired him. *See id*. Ellis was seven years older than Plaintiff when Way Service hired him. *See id*. Plaintiff's age was not a factor in Way Service's decision to terminate Plaintiff's employment.

---

[2] In *Tiemeyer v. Quality Pub., Inc.*, 144 F.Supp.2d 727 (S.D.Tex.2001) (Harmon, J.), this court held that the fourth element of the plaintiff's *prima facie* case under the ADEA requires the plaintiff to prove that "after his discharge [he] was replaced with a person who is not a member of the protected class." 144 F.Supp.2d at 732 (citing *Brown v. Bunge Corp.*, 207 F.3d 776, 781 (5th Cir. 2000)). Plaintiff cannot establish a *prima facie* case under either the *Tiemeyer* standard or the more lenient *Palastoga* standard.

*See id.*  Based on Plaintiff's Rule 36 admissions and his sworn deposition testimony, Plaintiff admits that (a) nobody made any discriminatory age comments to him and (b) the company told him he was terminated because of safety violations.  Plaintiff has no evidence that Way Service terminated his employment because of his age.

Because Plaintiff was not replaced with a younger employee and Plaintiff was not discharged because of his age, Plaintiff cannot establish a *prima facie* case of age discrimination as a matter of law.  Therefore, Way Service is entitled to summary judgment on Plaintiff's age discrimination claim.

### 3.    Way Service Terminated Plaintiff's Employment for Legitimate, Non-Discriminatory Reasons

Assuming for purposes of argument only that Renfrow is able to establish a *prima facie* case of age discrimination, the burden of production shifts to Way Service to proffer a legitimate, non-discriminatory reason for its challenged employment decision.  *See Reeves*, 120 S.Ct. at 2109.  Way Service may meet this burden by presenting evidence that "if believed by the trier of fact, would support a finding that unlawful discrimination was not the cause of the employment action."  *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 507 (1993).  The employer's burden of producing a legitimate, non-discriminatory reason for the challenged employment decision "is one of production, not persuasion . . . [and] can involve no credibility assessment."  *Reeves*, 120 S.Ct. at 2106; *Crawford v. Formosa Plastics, Corp.*, 234 F.3d 899, 902 (5th Cir. 2000).  Indeed, the employer's "burden at this stage is slight" as it need only produce some evidence that it took the challenged employment action for a non-discriminatory purpose, "but it need not persuade the Court that it was actually motivated by its proffered reason."  *Id.*

Way Service terminated Plaintiff's employment because he violated not only the Company's safety policy but also the site-specific safety policy of Way Service's client, Kaneka,

- 15 -

where Plaintiff was assigned. *See* Exhibit C, at ¶¶ 3 and 4 and Exhibit D, at ¶ 5. For example, the Kaneka policy states that "A process lock will then be put on the equipment starter so that it cannot be energized." *See* Exhibit D, ¶ 12. On the A/C unit, the equivalent to the equipment starter was the power disconnect switch. Plaintiff admitted that he never locked or tagged the disconnect switch "so that it cannot be energized." The Kaneka policy further states: "Each person (including all maintenance personnel) required to work on the equipment will place his/her own personal lock with a Lock-out Tag giving his/her name and the date on the tag, and attach the tag to his/her personal lock." *Id.* Plaintiff failed to do this. The Kaneka policy also states: "If work on the equipment is not complete, or extended, a maintenance person removing his personal lock must replace the personal lock with his craft lock." *Id.* Plaintiff failed to arrange to have a craft lock applied to the power disconnect switch when he finished for the day. Instead, Plaintiff merely left the power switch in the off position without any lock or tag to prevent the exposed A/C unit from being energized. The Kaneka policy identifies several "common errors" that "must be avoided" including "Failure to use the locks" and "Not locking the switch itself." *Id.* Plaintiff repeatedly committed these two errors, and his termination for violations of these policies was legitimate and nondiscriminatory.

### 4. Renfrow Cannot Sustain His Ultimate Burden to Prove Age Discrimination

Once an employer proffers a legitimate, non-discriminatory reason for the challenged action, any presumption of discrimination disappears and the burden then shifts back to the plaintiff to meet the ultimate burden of proof—establishing that the employer engaged in intentional discrimination. *Reeves*, 120 S.Ct. at 2106; *Contra Palasota v. Haggar Clothing Co.*, 342 F.3d 569, 574 (5th Cir. 2003) (noting that a plaintiff must meet her "ultimate burden of proving that the employer terminated [her] because of age"); *Evans*, 246 F.3d at 350 (stating, in an age discrimination case, that if the defendant can articulate a non-discriminatory reason for its

- 16 -

actions "the mandatory inference of discrimination created by the plaintiff's *prima facie* case drops out of the picture and the factfinder must decide the ultimate question: whether [the] plaintiff has proved [intentional discrimination].") (quoting *Hicks*, 509 U.S. at 511-512). Liability in an age discrimination case "depends on whether the protected trait (under the ADEA, age) actually motivated the employer's decision.  In other words, the plaintiff's age 'must have actually played a role' in the employer's decision making process." *Palasota*, 342 F.3d at 574.

A plaintiff's burden to show discrimination is a heavy one and is not satisfied by asserting conclusory opinions or subjective beliefs. *See Little v. Republic Ref. Co.*, 924 F.2d 93, 96 (5th Cir. 1991).  To establish that the challenged employment decision was discriminatory, the plaintiff must proffer evidence that creates a reasonable inference that age was a determinative factor in the discharge. *See EEOC v. Texas Instruments, Inc.*, 100 F.3d 1173, 1180 (5th Cir. 1996).

It is important to note that the ultimate burden of proving that discrimination under the ADEA occurred remains, at all times, with the plaintiff. *Reeves*, 120 S.Ct. at 2106; *Hicks*, 509 U.S. at 508.  In fact, the Fifth Circuit in its post-*Reeves* decisions has made it clear that although discrimination "plaintiffs need not always present evidence above and beyond their *prima facie* case and pretext, discrimination suits still require evidence of discrimination." *Vadie v. Mississippi State Univ.*, 218 F.3d 365, 374-75 & n.23 (5th Cir. 2000) (citing *Reeves*, 120 S.Ct. at 2105-06); *see also, Rubinstein v. Adm'rs of Tulane Educ. Fund*, 218 F.3d 392, 400 (5th Cir. 2000).

As discussed above, under the modified *McDonnell Douglas* standard, once the defendant has provided a legitimate, non-discriminatory reason for the adverse employment action, the plaintiff must then offer sufficient evidence to create a genuine issue of material fact

either (1) that the defendant's reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another motivating factor is the plaintiff's protected characteristic (mixed-motives alternative). *Rachid*, 376 F.3d at 312.

### 5. Renfrow Cannot Rebut Way Service's Legitimate, Non-Discriminatory Reasons for His Termination

Renfrow must prove, by a preponderance of the evidence, that Way Service's articulated reasons for his termination are merely a pretext for intentional discrimination against him. *See Reeves*, 120 S.Ct. at 2109 (noting that a plaintiff must present "sufficient evidence to find that the employer's asserted justification is false."). "To avoid summary judgment, an age discrimination plaintiff must present evidence that both (1) rebuts the employer's non-discriminatory reason, and (2) creates an inference that age was a determinative factor in the challenged employment decision." *Ross v. University of Texas at San Antonio*, 139 F.3d 521, 525 (5th Cir. 1998); *see also Hicks*, 509 U.S. at 515 ("[A] reason cannot be proved to be a pretext for discrimination unless it is shown both that the reason was false, and that discrimination was the real reason" for the employer's decision).

In the case at bar, Way Service's summary judgment evidence, in combination with the admissions of fact made by Renfrow preclude Renfrow from presenting even a scintilla of evidence that Way Service intentionally discriminated against him by terminating his employment for the reasons stated herein.

### 6. The "Same Actor" Inference Applies

In *Tiemeyer*, this Court cited with approval the Fifth Circuit's "same actor" inference in the context of the ADEA. *See Tiemeyer* at 736-37 (Harmon, J.) (citing *Brown v. CSI Logic, Inc.*, 82 F.3d 651, 658 (5th Cir. 1996)). In that case, the defendant pointed out, in support of its

- 18 -

motion for summary judgment, that it hired Tiemeyer when she was fifty-six years old (56) and terminated her when she was fifty-seven (57), and, therefore, it was illogical to believe that Tiemeyer would have been hired at the outset if there existed an age animus. *See id.* The inference is equally applicable to the case at bar and further illustrates Renfrow's inability to demonstrate pretext because it is undisputed that Renfrow was 50 years old at the time of his hire by Way Service and he was only 51 at the time of his termination. (*See* Exhibit B, Plaintiff's depo. 152:4-12). As in *Tiemeyer*, the same actor inference applies, and when considered in addition Way Service's legitimate, nondiscriminatory reasons for Renfrow's termination, demonstrates that Renfrow cannot establish pretext. *See id.* at 737 ("[w]hen [the inference is] considered in addition to [the defendant's] nondiscriminatory reasons above, Tiemeyer's failure to demonstrate pretext becomes all the more apparent."). Consequently, Renfrow's age discrimination claim must be dismissed as a matter of law.

## C. Way Service Is Entitled To Summary Judgment On Plaintiff's Claims For Mental Anguish And Punitive Damages

### 1. Plaintiff is not entitled to compensatory damages for mental anguish.

In his Original Complaint, Plaintiff asserted a claim for mental anguish. Plaintiff testified at his deposition, however, that he is not seeking mental anguish damages from Defendant. Based on Plaintiff's sworn admission, there is no basis to award him compensatory damages for mental anguish. *See* Section II above (Requests for Admissions No. 58-61) and Section III above (Paragraphs 2 and 3). Therefore, Defendant respectively requests the Court to grant summary judgment in Defendant's favor as to Plaintiff's claim for mental anguish damages.

### 2. Plaintiff is not entitled to punitive damages.

In his Original Complaint, Plaintiff requests "punitive damages" in connection with his ADEA claim. Punitive damages are not recoverable under the ADEA. In *Dean v. American Sec.*

*Ins. Co.*, 59 F.2d 1036, 1040 (5th Cir. 1977), the Fifth Circuit held that punitive damages were not recoverable in ADEA cases.  Consequently, Plaintiff is not entitled to recover punitive damages as a matter of law.

Alternatively, in the event that the Court construes Plaintiff's request for punitive damages as a claim for liquidated damages, Plaintiff is still not entitled to recover liquidated damages as a matter of law.  Under the ADEA, a successful Plaintiff may recover liquidated damages upon a showing of an employer's willful violation of the Act.  *See* 29 U.S.C. § 626(b). "An employer acts willfully when the employer either knows or shows reckless disregard for whether its conduct violates the ADEA."  *Rhodes v. Guiberson Oil Tools*, 82 F.3d 615, 621 (5th Cir. 1996).

There is no evidence to raise a genuine issue of material fact that Way Service willfully violated the ADEA.  Plaintiff testified that during the termination meeting he does not remember any discussion regarding his age.  Plaintiff admitted that prior to his termination, no manager made any derogatory comments about his age and no manager made any derogatory jokes about his age.  Plaintiff also testified that prior to his termination, no manager made any reference to his age.  (Plaintiff's depo. 153:1-12).  There is no evidence to support Plaintiff's claim for liquidated damages under the ADEA.  Therefore, Way Service respectfully requests summary judgment on Plaintiff's claim for punitive damages or alternatively for liquidated damages.

**D.**     **Declaratory Judgment As To The Date Plaintiff's Claim For Lost Wages Is Cut Off As A Matter Of Law**

In the event that the Court does not grant Way Service's Motion for Complete Summary Judgment as to Plaintiff's age discrimination claim, Way Service respectfully requests a declaration that Plaintiff's claim for lost wages and benefits is cut off as of April 20, 2005, the date when Plaintiff began working as an A/C service technician for Tolin Mechanical.  The A/C

service technician position at Tolin Mechanical is identical or comparable to the A/C service technician position that Plaintiff held at Way Service. Plaintiff's starting rate of pay at Tolin Mechanical was $22.00 an hour. Plaintiff's final rate of pay at Way Service was $21.00 an hour. Plaintiff testified in his deposition that he was receiving better employee benefits than those offered to him at Way Service. Plaintiff further testified that he is currently not looking for other employment and he is "very happy" with his job at Tolin Mechanical. *See* Section III, ¶ 1 above. Because Plaintiff has obtained comparable employment that pays him greater wages and benefits than he was receiving at Way Service, Plaintiff's claim for lost wages is cut off as a matter of law as of the date he obtained the better employment opportunity. [insert cites] Therefore, Way Service respectfully requests that the Court find that Plaintiff's claim for lost wages is cut off as of April 20, 2005.

**E.     Way Service Is Entitled To Recover Its Attorneys' Fees**

Way Service is entitled to recover its attorneys' fees incurred in defense of Plaintiff's vexatious, frivolous, and meritless claims of discrimination and retaliation under Title VII and the ADEA. While the sole remaining claim in this lawsuit is Plaintiff's age discrimination claim under the ADEA—which itself is vexatious, frivolous, and without merit—Plaintiff's Complaint initially contained claims for discrimination and retaliation under Title VII and a separate claim for retaliation under the ADEA. *See* Plaintiff's Original Complaint, pp. 2-3. These meritless claims, each of which required Way Service to incur attorneys' fees, were dismissed by the Court by way of an Order dated June 9, 2005, because: (1) Plaintiff failed to exhaust his administrative remedies with respect to his Title VII claims; and (2) Plaintiff failed to state a claim for retaliation under the ADEA (despite being given ample opportunity to do so). *See* Order dated June 9, at p. 2. These claims clearly meet the standard of frivolity as utilized by the

- 21 -

Fifth Circuit when determining whether to award attorney's fees to the prevailing defendant.[3]
Plaintiff's sole remaining claim of age discrimination under the ADEA also meets the Fifth
Circuit's frivolity standard and warrants an award of attorneys' fees to Way Service.

### 1.    Award of Attorney's Fees to Defendant

In *Christiansburg Garment Co. v. EEOC*, the United States Supreme Court held that a
defendant may recover its attorney's fees incurred in defense of a plaintiff's civil rights lawsuit
"upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation."
434 U.S. 412, 421, 98 S.Ct. 694, 700 54 L.Ed.2d 648 (1978) (analyzing under Title VII); *see also*
*Dean v. Riser*, 240 F.3d 505, 508 (5th Cir. 2001) (analyzing under Section 1988); *Myers v. City*
*of West Monroe*, 211 F.3d 289, 292 (5th Cir. 2000) (analyzing under Section 1983); *Quintana v.*
*Jenne*, -- F.3d ---, 2005 WL 1514476, *3 (11th Cir. (Fla.) June 28, 2005) (analyzing under Title
VII and 1981).

In interpreting *Christiansburg Garment* for purposes of determining whether an action is
frivolous, the Fifth Circuit has opined that the court must determine "whether the case was so
lacking in merit that it was groundless, rather than whether the claim was ultimately successful."
*United States v. Mississippi*, 921 F.2d 604, 609 (5th Cir. 1991).   When making such a
determination, the district court "should look at factors such as whether the plaintiff established a
*prima facie* case, whether the defendant offered to settle, and whether the court held a full trial."
*Myers*, 211 F.3d at 292 (citing *Mississippi*, 291 F.2d at 609); *Quintana*, 2005 WL 1514476, at *3
(quoting *Sullivan v. School Board of Pinellas County*, 773 F.2d 1182, 1189 (11th Cir. 1989)).

---

[3] Plaintiff's attempt to reinstate these claims was even more frivolous and further increased Defendant's defense
costs.

**2.      Plaintiff's Claims Are Frivolous**

Each of Plaintiff's claims under Title VII and the ADEA are frivolous based on the standard set forth in *Mississippi* and *Sullivan*.

**a.      Claims dismissed on June 9**

In the case at bar, it is evident that Plaintiff's claims for discrimination and retaliation under Title VII and his claim for retaliation under the ADEA all satisfy the predominant factors for determining frivolity as set forth in *Mississippi* and *Sullivan*. First, Plaintiff failed to establish a *prima facie* case in support of any of these claims. This is undisputed because, as Way Service argued in its Rule 12 motion to dismiss, Plaintiff failed to exhaust his administrative remedies with respect to his Title VII claims. This Court agreed and dismissed Plaintiff's Title VII claims on June 9, thereby preventing Plaintiff from pursuing his Title VII claims, including establishing a *prima facie* case. *See* Order dated June 9, at p. 2 ("By failing to timely respond to Way's arguments Renfrow has now conceded both of these points, though in any case (1) the EEOC charge makes it abundantly clear that Renfrow was only claiming discrimination pursuant to the ADEA ..."). Plaintiff similarly failed to establish a *prima facie* case of retaliation under the ADEA, as this Court opined in its Order of June 9. *See id.* (" ... in both the original and the amended complaints Renfrow failed to state a claim for retaliation under the ADEA."). These claims clearly meet the first element of frivolity.

Additionally, because Plaintiff's Title VII discrimination and retaliation claims and his retaliation claim under the ADEA were dismissed during pretrial proceedings, it goes without saying that the third element of the *Mississippi* frivolity test—whether the court held a full trial on these claims—is also established. *See Myers*, 211 F.3d at 292 (citing *Mississippi*, 291 F.2d at 609); *also Quintana*, 2005 WL 1514476, at *3 ("Because the district court entered summary judgment for Jenne before trial, and Quintana failed to establish a *prima facie* case, the first and

third factors of the *Sullivan* guidelines support the determination of the district court that Quintana's retaliation claim was frivolous."). The first and third elements of the *Mississippi* standard favor awarding Way Service the attorneys' fees it incurred in defense of those claims in this case.

Finally, and because Plaintiff's claims are frivolous, Way Service did not offer to settle Plaintiff's Title VII and ADEA retaliation claims prior to them being dismissed on June 9. This fact, however, is of "questionable value" in determining whether the claims are frivolous for purposes of determining whether Way Service should be awarded attorneys' fees. *Myers*, 211 F.3d at 292 ("On the other hand, whether a defendant offers to settle a case is of questionable value in determining whether the plaintiff's claims are frivolous."); *also Quintana*, at *3 (holding that the defendant established the first and third elements of the test, and holding that the second factor "offers no support for either party."). The fact that Way Service did not offer to settle claims that it considered to be clearly frivolous and without merit should not militate against awarding Way Service their attorneys' fees incurred in defense of Plaintiff's Title VII discrimination and retaliation claims and ADEA retaliation claim.

### b.    Remaining claim of ADEA discrimination

Applying the *Mississippi* and *Sullivan* standard to Plaintiff' sole remaining claim of discrimination under the ADEA demonstrates that Way Service is also entitled to recover its attorneys' fees incurred in defense of that claim. As set forth herein, Plaintiff cannot establish a *prima facie* case of discrimination under the ADEA because he was not replaced by someone outside his protected class (someone under 40 years of age), was not replaced by someone younger than he (in fact, he was replaced by someone older than he), and he has no evidence that he was otherwise discharged because of his age. *See* Section IV, B, 2, *supra*. This fact entitles Way Service to summary judgment on Plaintiff's ADEA discrimination claim, thereby

- 24 -

establishing the first and third elements of the *Mississippi* and *Sullivan* standard. *See Quintana*, 2005 WL 1514476, at *3 ("Because the district court entered summary judgment for Jenne before trial, and Quintana failed to establish a *prima facie* case, the first and third factors of the *Sullivan* guidelines support the determination of the district court that Quintana's retaliation claim was frivolous."). Again, Way Service did not offer to settle Plaintiff's claim of discrimination under the ADEA because the claim is frivolous and without merit. This fact, however, does not militate against awarding Way Service their attorneys' fees incurred in defense of the claim. *See Myers*, 211 F.3d at 292 ("On the other hand, whether a defendant offers to settle a case is of questionable value in determining whether the plaintiff's claims are frivolous."). In conclusion, Way Service is entitled to recover its attorneys' fees incurred in defense of Plaintiff's discrimination claim under the ADEA because the claim is frivolous and without merit.

### 3. All Claims Need Not Be Frivolous To Recover Attorneys' Fees

Although each of Plaintiff's Title VII and ADEA discrimination and retaliation claims are frivolous and without merit, and although Way Service is entitled to recover its attorneys' fees incurred in defense of each claim, a defendant need not establish that all of the plaintiff's claims are frivolous in order to recover attorney's fees.[4] *See Quintana*, 2005 WL 1514476, at *4-6 (relying on decisions of the First and Seventh Circuits in ruling that attorney's fees may be apportioned and awarded for one frivolous claim despite the denial of fees for another claim which was not frivolous) (citing *Ward v. Hickey*, 996 F.2d 448, 455 (1st Cir. 1993) and *Curry v. A.H. Robins Co.*, 775 F.2d 212, 220-21 (7th Cir. 1985)); *Myers* at 293-94 (affirming district court's award of attorney's fees for frivolous claim and reversing award for claim that was not

---

[4] Way Service includes this argument out of an abundance of caution and in case the court determines that only certain of Plaintiff's claims meet the frivolity standard set forth in *Mississippi* and *Sullivan*. In such case, Way Service would be entitled to attorneys' fees incurred in defense of those frivolous claims.

frivolous). In a case where it is determined that certain claims are frivolous and certain are not, the district court should determine the amount of attorney's fees owed to the defendant for services reasonably and exclusively incurred in the defense of the frivolous claims. *See Quintana*, at *6. Such segregation is not required in the case at bar because each of Plaintiff's claims are frivolous.

In the case at bar, each of Plaintiff's Title VII and ADEA claims are frivolous and warrant the recovery of attorneys' fees by Way Service. However, should this Court determine that only certain of Plaintiff's claims are frivolous, Way Service respectfully requests that the Court allow Way Service to apportion the amount of fees incurred in defense of the frivolous claims and award those attorneys' fees accordingly. The Declaration of G. Mark Jodon is attached hereto as Exhibit F in support of Way Service's request for attorneys' fees. Defendant respectfully requests this Court to award Defendant $28,291.50 in attorneys' fees.

## VII.
## CONCLUSION

For the foregoing reasons, Way Service respectfully requests that the Court grant its Motion for Complete Summary Judgment, dismiss Renfrow's sole remaining claim for age discrimination under the ADEA, and award Way Service its court costs and attorneys' fees.

Respectfully submitted,

G. Mark Jodon (Attorney-In-Charge)
State Bar No. 10669400
Federal I.D. No. 6052
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, Texas 77010
713.652.4739 (Telephone)
713.951.9212 (Telecopier)

ATTORNEY FOR DEFENDANT
WAY SERVICE, LTD.

Of Counsel:
Allan H. Neighbors, IV
State Bar No. 24033660
Federal I.D. No. 34398
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, Texas 77010
713.951.9400 (Telephone)
713.951.9212 (Telecopier)

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of August 2005, a true and correct copy of DEFENDANT WAY SERVICE, LTD.'S MOTION FOR COMPLETE SUMMARY JUDGMENT has been sent by certified mail, return receipt requested, to the following counsel of record:

Stanley B. Broussard
801 Congress, Suite 250
Houston, Texas 77002

ATTORNEY FOR PLAINTIFF
LAWRENCE D. RENFROW

G. Mark Jodon

Firmwide:80036278.1 035945.1006

- 27 -